IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02040-M-RJ

| | |
|---|---|
| CLAUDE MORDECIA STEVENS,	)<br>)<br>Petitioner,	)<br>)<br>v.	)<br>)<br>STATE OF NORTH CAROLINA,	)<br>)<br>Respondent.	) | **ORDER** |

This cause is before the court on respondent's motion to seal documents, Mot. [D.E. 20], and petitioner's "motion for default," Mot. [D.E. 23]. These motions are ripe for review.

Relevant Procedural History:

On February 14, 2023, Claude Mordecia Stevens ("petitioner"), a state inmate, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking his July 26, 2019, Wake County convictions. See Pet. [D.E. 1]; Pet. Attach. [D.E. 1–1].

On June 12, 2023, the court, *inter alia*, allowed the action to proceed. Order [D.E. 5].

On October 5, 2023, respondent filed a response, [D.E. 14], a motion for summary judgment, Mot. [D.E. 15], a statement of material facts, [D.E. 16], an appendix, [D.E. 17], a memorandum, [D.E. 18], a proposed sealed document, [D.E. 19], a motion to seal, Mot. [D.E. 20], and a memorandum in support of the motion to seal, [D.E. 21], and a proposed sealed document, [D.E. 22]. Also on that date, petitioner filed a "motion for default." Mot. [D.E. 23].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about the motion for summary judgment, the response deadline, and the consequences of failing to respond. [D.E. 25].

On October 31, 2023, petitioner filed a self-styled "PRO-SE Party of Right to Motion for NON-Sealed Documents [sic]," [D.E. 26], a reply to respondent's response, [D.E. 27], and a cross motion for summary judgment, Mot. [D.E. 28].

Discussion:

The court first considers petitioner's "motion for default." See Mot. [D.E. 23] (arguing respondent's answer was untimely). Because respondent answered the petition in the time allowed by the court, see Order [D.E. 13]; Resp. [D.E. 14], the court DENIES this motion as meritless.

Next, the court considers respondent's motion to seal. See Mot. [D.E. 20] (arguing that sealing the documents at [D.E. 19] and [D.E. 22] is both necessary and the least drastic method to protect the identity of the minor victims). Petitioner opposes the motion. See [D.E. 26] (generally arguing that the identities of the minor victims and family members should be disclosed).

The "public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that countervailing interests heavily outweigh the public interests in access." Id. at 265–66 (citation and internal quotation marks omitted). The First Amendment right of access "may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest." Id. at 266 (citation and internal quotation marks omitted).

The court, however, may seal documents before it based upon its inherent supervisory authority over its own files and records. See Nixon v. Warner Comm. Inc., 435 U.S. 589, 598 (1978). When presented with a motion to seal, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less

2

drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (citation omitted).

Here, because respondent's motion to seal was publicly available through the court's electronic case filing system since October 5, 2023, the public was provided adequate notice and an opportunity to object. Respondent also has shown that the specified documents reveal the identities of then-minor victims and contain sensitive information regarding sexual abuse. The public's right of access to such information is substantially outweighed by respondent's competing interest in protecting the details of such information on behalf of the minor victims.

Having considered less drastic alternatives, the court finds that sealing these documents is necessary to protect the minor victims' privacy interests, that there is no alternative that will adequately protect the privacy rights of the minor victims, and that permanently sealing the documents at issue is warranted. Accordingly, the court will grant the respondent's motion to seal.

## Conclusion:

In sum, the court: DENIES petitioner's "motion for default" [D.E. 23]; GRANTS respondent's motion to seal [D.E. 20]; and DIRECTS the clerk to seal the following docket entries that identify the minor victims [D.E. 1-1, 19, 22, 26, 28, 28-1]. The court further DIRECTS respondent to supplement the record by filing the underlying trial transcript, under seal, if necessary, by August 15, 2024, and providing a physical copy to the clerk's office in Raleigh. The court will address the parties' pending motions for summary judgment in a forthcoming order.

SO ORDERED this 1st day of August, 2024.

RICHARD E. MYERS II
Chief United States District Judge

3